IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 01-cr-40036-004 JPG ) |
| DIMARCUS TARAH TABB, | ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Dimarcus Tarah Tabb's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guideline Manual ("U.S.S.G.") § 1B1.10 (Doc. 168). The Court appointed counsel for Tabb, and counsel has moved to withdraw on the basis that she can make no non-frivolous arguments in support of the defendant's request (Doc. 197). *See Anders v. California*, 386 U.S. 738, 744 (1967). The government has responded to the motions (Doc. 2000). Tabb failed to respond to counsel's motion although he was given an opportunity to do so.

Tabb pled guilty to one count of conspiring to distribute and possess with intent to distribute 50 grams or more of crack cocaine and three counts of distributing crack cocaine. At sentencing, the Court found by a preponderance of the evidence that Tabb's relevant conduct was at least 50 grams but less than 150 gram of crack cocaine, which under United States Sentencing Guideline Manual[1] ("U.S.S.G.") § 2D1.1 yielded a base offense level of 32. His offense level was reduced by three points under U.S.S.G. § 3E1.1 for acceptance of responsibility/ providing substantial assistance to the government. The Court further found that

---

[1]Unless otherwise noted, the references to the guidelines in this order are to the 2001 United States Sentencing Guidelines Manual.

Tabb was a career offender under U.S.S.G. § 4B1.1 based on prior drug or violent felony convictions. This finding raised his offense level to 37, again reduced by 3 for acceptance of responsibility and reduced by 3 pursuant to U.S.S.G. § 5K1.1 for substantial assistance, yielding a total offense level of 31. Considering Tabb's criminal history category of VI, established by his career offender status under U.S.S.G. § 4B1.1, this yielded a sentencing range of 188 to 235 months in prison. The Court imposed a sentence of 200 months for each count, less than the statutory maximum sentences established by Tabb's convictions. *See* 21 U.S.C. § 841(b)(1)(A) & (C). Tabb now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States*, 129 S. Ct. 1924 (2009).

2

Tabb cannot satisfy the first criteria because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. Tabb, however, was sentenced based on his base offense level set forth in U.S.S.G. § 4B1.1, not his base offense level set forth in U.S.S.G. § 2D1.1. *See Forman*, 553 F.3d at 589-90. Thus, his guideline range has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Because Tabb cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider his reduction request. *See Forman*, 553 F.3d at 588; *Lawrence*, 535 F.3d at 637-38. The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 197 and **DISMISSES** Tabb's motion for a sentence reduction (Doc. 168) for **lack of jurisdiction**.

The Clerk of the U.S. District Court is hereby Ordered to mail a copy of this Order to Defendant Dimarcus Tarah Tabb, Reg. No. 05322-025, FCI Memphis, P.O. Box 34550, Memphis, TN 38134.

**IT IS SO ORDERED.**
**DATED: June 9, 2009.**

                                                      s/ J. Phil Gilbert
                                                      **J. PHIL GILBERT**
                                                      **U.S. DISTRICT JUDGE**