IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.  01-cr-40036-004 JPG |
| ) | |
| DIMARCUS TARAH TABB, ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on defendant Dimarcus Tarah Tabb's second *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 204) and motion for appointment of counsel (Doc. 205).  He asks the Court to reduce his sentence using the discretion recognized by *Kimbrough v. United States*, 552 U.S. 85 (2007), and confirmed by *Spears v. United States*, 129 S. Ct. 840 (2009), and *United States v. Knox*, 573 F.3d 441 (7th Cir. 2009).  Each of those cases, however, involved a direct review of a criminal sentence that was not yet final, not a reduction pursuant to 18 U.S.C. § 3582(c)(2) after a sentence had become final, as is the case with Tabb.  Those cases do not authorize the Court to reduce Tabb's sentence.

Tabb believes 18 U.S.C. § 3582(c)(2) itself authorizes the Court to exercise its *Kimbrough* discretion to reduce his sentence.  However, in an order dated June 9, 2009 (Doc. 201), the Court explained that 18 U.S.C. § 3582(c)(2) only authorizes a reduction where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  As that order explained, Tabb's sentencing range had not been lowered and, as a consequence, the Court lacked subject matter jurisdiction to reduce his sentence under 18 U.S.C. § 3582(c)(2).

*See United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008);  *United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied*, 129 S. Ct. 2817 (2009).

For the reasons set forth in the Court's June 9, 2009 order (Doc. 201), the Court **DISMISSES** the pending motion for a reduction (Doc. 205) for **lack of jurisdiction**.  As the presence of counsel would not have made a difference in this result, the Court **DENIES** Tabb's motion for appointment of counsel (Doc. 205).

**IT IS SO ORDERED.**
**DATED:  October 16, 2009.**

        s/ J. Phil Gilbert
        **J. PHIL GILBERT**
        **U.S. DISTRICT JUDGE**