IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | )    No. 01-cr-40036 JPG |
| | ) |
| DIMARCUS TARAH TABB, | ) |
| | ) |
|    Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Dimarcus Tarah Tabb's motion to reconsider its October 16, 2009, order denying his second *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 211). Tabb filed this motion within ten days of entry of the Court's order and seeks to correct what he believes is a manifest error of law in the Court's prior order. Thus, the Court construes the motion to be pursuant to Federal Rule of Civil Procedure 59(e). *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir.), *cert. denied*, 129 S. Ct. 417 (2008) (motions filed within ten days of judgment should be considered based on their substance, not its timing).

Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006); *Divane v. Krull Elec. Co.*, 194 F.3d 845, 848 (7th Cir. 1999). It "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876. Rule 59(e) relief is only available if the movant

clearly establishes one of the foregoing grounds for relief.  *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

As a preliminary matter, the Court must address its jurisdiction to decide the Rule 59(e) motion.  On October 26, 2009, Tabb filed a timely notice of appeal from the Court's October 16, 2009, order that he now asks the Court to reconsider.  Ordinarily, a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *accord May v. Sheahan*, 226 F.3d 876, 879 (7th Cir. 2000).  However, where a party files a timely notice of appeal *and* a timely Rule 59(e) motion, the notice becomes effective only after the order disposing of the Rule 59(e) motion.  Fed. R. App. P. 4(a)(4)(B)(i); *see Katerinos v. United States Dep't of Treasury*, 368 F.3d 733, 737 (7th Cir. 2004).  "A notice filed before the filing of [a Rule 59(e) motion to alter or amend a judgment] . . . is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals." Fed. R. App. P. 4 advisory committee's note to 1993 amendment; *see* Fed. R. App. P. 4(a)(4)(A)(iv); 12 James W. Moore *et al.*, *Moore's Federal Practice* § 59.32[3] (3d ed. 2006).  As a consequence, the Court has jurisdiction to decide this motion despite Tabb's timely notice of appeal.

Tabb points to *United States v. Stokes*, No. 6:98-cr-109-Orl-22GJK, 2008 WL 938919 (M.D. Fla. 2008), in support of his argument that the Court has jurisdiction to reduce his sentence even where his guideline sentencing range has not been subsequently lowered by the Sentencing Commission.  In *Stokes*, the court addressed a loophole created by the "marihuana equivalency unit" conversion table in United States Sentencing Guidelines Manual ("U.S.S.G.") § 2D1.1, app. note 10(D)(i)(II), adopted with Amendment 706, the amendment that reduced the base offense

level for crack cocaine offenses. *Id.* at * 2.  That loophole resulted in an inconsistent and illogical pattern of sentence reductions for offenses involving crack cocaine and other drugs.  *Id.*  The *Stokes* court found that this anomaly justified its exercising jurisdiction to reduce a defendant's sentence involving multiple drugs converted to MEUs even though technical application of the guidelines did not provide for an ultimate lowered sentence range.  *Id.* at * 3.

Tabb should have and could have made this argument in his original motion for a reduction of sentence.  Furthermore, *Stokes* does not even apply to Tabb's case.  First, Tabb's sentence was based on his career offender base offense level set forth in U.S.S.G. § 4B1.1, not his base offense level set forth in U.S.S.G. § 2D1.1, and his offense did not involve multiple drugs or the use of an MEU equivalency table at issue in *Stokes*.  Second, the Sentencing Guidelines have been further amended by Amendment 715 in an attempt to resolve the anomaly noted by the *Stokes* court.  *Stokes* is no longer relevant because the MEU table has changed.  The Court's original conclusion is valid:  the Court does not have jurisdiction to reduce Tabb's sentence because his guideline sentencing range has not been lowered by the Sentencing Commission subsequent to his sentencing.  *See United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008);  *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States*, 129 S. Ct. 1924 (2009).

Because Tabb has failed to establish a ground for relief under Rule 59(e), the Court **DENIES** Tabb's Rule 59(e) motion (Doc. 211).

**IT IS SO ORDERED.**
**DATED:  November 10, 2009.**

                                       s/ J. Phil Gilbert
                                       **J. PHIL GILBERT**
                                       **U.S. DISTRICT JUDGE**